**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **STACEY SAXON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **vs.** | ) | |
| | ) | (removed from the District Court of Harris |
| **THE LINCOLN NATIONAL LIFE** | ) | County, Texas Case No. 2016-17522 / |
| **INSURANCE COMPANY,** | ) | Court: 295) |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel, hereby removes this action from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas. As addressed below, diversity jurisdiction exists in this action. *See* 28 U.S.C. § 1332. In support of removal, Lincoln states as follows:

## I.  The State Court Action.

1.  On March 17, 2016, Plaintiff Stacey Saxon ("Plaintiff") filed a civil action in the District Court of Harris County, Texas styled as *Stacey Saxon v. The Lincoln National Life Insurance Company,* Case No. 2016-17522 / Court 295.

2.  The District Court of Harris County, Texas, is a state court within this judicial district and division. Copies of all pleadings, processes, and orders in the state court action are attached as Exhibit A.

3.  Lincoln was served with the Summons and Complaint on May 16, 2016. *Id*.

4.      The allegations in Plaintiff's Complaint relate to group long-term disability policy, number 00085000813300000 ("Policy"), issued by Lincoln to Plaintiff's employer, Galveston County.  (Comp., ¶ 3, Ex. A).  Plaintiff alleges that Lincoln improperly denied disability benefits due under the Policy.  (*Id.*, ¶¶ 3, 4, 8).

5.      Plaintiff's Complaint asserts the following claims against Lincoln: breach of contract, a violation of Texas' Prompt-Payment Statute (Tex. Ins. Code §§ 542.058 and 542.060), and a violation of Texas' Deceptive Trade Practices Act (Tex. Bus. & Com. Code § 17.50).  (*Id.* ¶¶ 4-16).  With these claims, Plaintiff seeks benefits allegedly owed under the Policy, "statutory damages" available under the Prompt-Payment Statute and Deceptive Trade Practices Act, attorney's fees, costs, "and all other relief to which [Plaintiff] may be entitled."  (*Id.*, at ¶¶ 17-21).

## II.      Diversity Jurisdiction.

6.      This action is properly removable under 28 U.S.C. § 1441(a) because the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I.      There is Complete Diversity of Citizenship Between the Parties.

7.      This action involves "citizens of different states."  28 U.S.C. § 1332(a)(1).

8.      Lincoln is a corporation organized and existing under the laws of the State of Indiana with its principal place of business located in Radnor, Pennsylvania.  Accordingly, Lincoln is a citizen of Indiana and Pennsylvania for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

9.      Plaintiff is a citizen of Texas.  (Compl., ¶ 1, Ex. A "Plaintiff is a resident and citizen of Harris County, Texas.").

2

10.     There are no other parties to this action.

11.     Accordingly, complete diversity of citizenship of the parties to this action exists and removal is therefore proper under 28 U.S.C. § 1332 and § 1441(b).

**II.     The Amount in Controversy Exceeds $75,000.**

12.     The amount in controversy in this action clearly exceeds the $75,000 jurisdictional threshold.  28 U.S.C. § 1332(a).

13.     Among other things, Plaintiff's Complaint seeks the Policy benefit plus statutorily available damages under Texas' Prompt-Payment Statute and Deceptive Trade Practices Act. (Compl., at ¶¶ 10-21, Ex. A).   These allegations alone satisfy the amount in controversy requirement.

14.     Plaintiff's Prompt-Payment claim provides as damages "interest on the amount of the claim at the rate of eighteen percent a year."  *See* Tex. Ins. Code § 542.060(a).  Likewise, Plaintiff's Deceptive Trade Practices Act claim permits an award of up to three times the amount of Plaintiff's actual damages.  Tex. Bus. & Com. Code § 17.50(b)(1).  These amounts are properly considered in finding the amount in controversy satisfied.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (holding that the "district court erred in dismissing St. Paul's complaint…for lack of judgment matter jurisdiction. This error resulted from failure to include in the court's calculation the statutory damages of 18 percent per annum under the Texas Insurance Code."); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (denying motion to remand considering Plaintiff seeks "treble damages and statutory damages under the Texas Deceptive Trade Practices Act" and "statutory damages under the Texas Insurance Code"); *Bates*

*v. Laminack*, 938 F. Supp. 2d 649, 656 (S.D. Tex. 2013) (considering Plaintiff's request for "treble damages and attorney's fees pursuant to the DTPA" in finding diversity jurisdiction).

15.     The Policy benefits at issue in this case exceed $34,170.24.  (Daly Dec., Ex. B). Plaintiff's alleged disability began July 21, 2014.  (*Id*., at ¶ 3).  The amount of Plaintiff's monthly benefit was $1,423.76.  (*Id*., at ¶ 3).  Accordingly, subject to the Policy's terms and conditions, the total amount of past benefits sought by the Plaintiff through May 6, 2016 is $34,170.24.  (*Id*.). This amount does not include interest, nor does it include any future benefits.  (*Id*.).

16.     In addition to the $34,170.24 in past Policy benefits, Plaintiff seeks statutory damages of eighteen percent interest under the Prompt-Payment Statute and three times actual damages under the Deceptive Trade Practices Act.  (Compl., at ¶¶ 10-21, Ex. A).  Accordingly, Plaintiff's demand for the past Policy benefits plus statutory damages results in an amount in controversy that far exceeds $75,000.00.  Indeed, Plaintiff's request for treble damages *alone* places the amount in controversy above $102,510.72.

17.     Plaintiff also seeks future Policy benefits.  (Compl., at ¶ 17, Ex. A).   Subject to the Policy's terms and conditions, the total amount of past and future benefits sought by the Plaintiff is $318,637.49.  (Daly Dec., Ex. B, ¶ 4).  This amount does not include interest.  (*Id.*).

18.     This Court has found the amount in controversy satisfied and exercised jurisdiction in similar cases.  *See Coburn v. Am. Gen. Life & Acc. Ins. Co.*, No. CIV.A. H-12CV3678, 2013 WL 2289937, at *2 (S.D. Tex. May 22, 2013) (finding "it is highly likely that the amount in controversy exceeds the $75,000 requirement. Plaintiff has expressly sought to recover actual damages from the $35,000 life insurance policy, plus treble damages associated with her DTPA claim, attorney's fees, and costs."); *Andrade v. Standard Guar. Ins. Co.*, No. CIV. A. H-10-987, 2010 WL 2521021, at *3 (S.D. Tex. June 15, 2010) (denying motion to remand where "Plaintiffs'

demands, the $42,000 policy and Plaintiffs' request for treble damages and attorney's fees, all make it more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs").

19.     Moreover, both the Prompt-Payment Statute and Deceptive Trade Practices Act provide for an award of attorney's fees.  Tex. Ins. Code § 542.060(a); Tex. Bus. & Com. Code § 17.50(e).  Although Plaintiff's request for Policy benefits plus statutory damages alone satisfies the amount in controversy, it is well-established established that this Court should also consider Plaintiff's attorney fee request in finding the amount in controversy satisfied.  *Bates,* 938 F. Supp. 2d at 655 (holding that "statutory attorney's fees (available under the DTPA and for a breach of contract action) are included in the calculation of the amount") (*citing Foret v. Southern Farm Bureau Life Ins. Co.,* 918 F.2d 534, 537 (5th Cir.1990)).

20.     Accordingly, this case satisfies the amount in controversy requirement for this Court to exercise diversity jurisdiction.  28 U.S.C. § 1332(a).

**III.    Removal Procedure.**

21.     Removal to the United States District Court for the Southern District of Texas is proper because this is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441; 28 U.S.C. § 124.

22.     The time within which Lincoln was permitted to remove this action under 28 U.S.C. § 1446(b) has not expired.  Less than thirty days have passed since Lincoln was served with the Summons and Complaint on May 16, 2016.

23.     Written notice of the filing of this Notice of Removal is being promptly given to the Plaintiff, and a Notice of Filing Notice of Removal to Federal Court is being filed with the clerk of the District Court of Harris County, Texas, as required by 28 U.S.C. §1446(d).

24.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the state court action are attached hereto as Exhibit A and include the following:

A1:     Docket Sheet

A2:     Petition

A3:     Certified mail issued to Lincoln

A4:     Citation issued to Lincoln

A5:     Certified mail return receipt reflecting service on Lincoln May 16, 2016.

25.     Pursuant to Local Rule 81, attached hereto as Exhibit C is a listing of all counsel of record, including addresses, telephone numbers and parties represented.

26.     Lincoln is the only defendant named in this action; therefore, no consent from another party is required.

27.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of rights to assert any defense or affirmative matter, whether pursuant to Federal Rule of Civil Procedure 8(c) or Federal Rule of Civil Procedure 12(b).

28.     Lincoln reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Lincoln respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff Stacey Saxon originally commenced this action in this Court.

Respectfully submitted,

s/ Graham W. Gerhardt
Graham W. Gerhardt (Bar No. 24075698)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
205.521.8000 (phone)
205.488.6403 (facsimile)
ggerhardt@bradley.com

*Attorney for Defendant The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that a copy of the foregoing was served upon the following by U.S. First Class Mail, postage pre-paid:

William C. Herren, Esq.
Herren Law
6363 Woodway, Suite 825
Houston, Texas 77057
Phone: (713) 682-8194
Fax: (713) 682-8197
*Attorney for the Plaintiff*

s/Graham W. Gerhardt
OF COUNSEL

7